WILLIAMS *v.* MAYOR AND BOARD OF ALDERMEN OF CITY OF VICKSBURG.

[76 South. 838, Division B.]

MUNICIPAL CORPORATIONS. *Charters. Amendments. Recording. Code 1906, Section* 3444.

Under Code 1906, section 3444, providing that amendments to municipal charters when approved by the governor shall be recorded upon the records of the mayor and board of aldermen "and when so recorded, shall have the force and effect of law." When it appears that the amendment is not recorded, it will not have "the force and effect of law."

APPEAL from the chancery court of Warren county. HON. E. N. THOMAS, Chancellor.

Bill by the Mayor and Board of Aldermen of the city of Vicksburg, against P. P. Williams to have a lien declared on lots for paving. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Brunini, Hirsch & Griffith,* for appellant.

The alleged amendment to the city charter was never, in fact, duly and legally made or adopted. The plea of appellant is to be found on page 12 of the Record. In the first subdivision thereof it is charged amendment to the charter of the city of Vicksburg, as set out in the original bill, was never in fact, duly and legally made or adopted, for the reason that the only recital on the minutes of the board is as follows:

"An ordinance to amend article 25 of section 28 of the city charter, and its amendments thereto, by giving the board of mayor and aldermen power to pave one or two city blocks, or squares, under certain circumstances without a petition of the property-owners abutting thereon, was read, and under a suspension of the rules was read the second and third time by its title, and

on its final passage was adopted by the following votes; Ayes; Mayor, Hayes; Aldermen, Hossley, Miller.

To be brief, the point raised in the plea is that the ordinance amending the charter, or rather the amendment itself, was not spread upon the minutes of the city council. The minutes quoted above contains all there is on the subject, and simply refers to the ordinance amending the charter, giving the substance of the amendment. We contend that the amendment itself should have been set out in the minutes of the board, because it is elementary that the board itself, in legislative matters can act, only through its minutes.

Section 13, of the city charter, found in the acts of 1884, reads as follows: ''Section 13; be it further enacted, that the city clerk shall attend all of the meetings of the board of mayor and aldermen, and keep full and correct minutes of their proceedings in a well-bound book.''

It is evident that a full and correct minute in reference to the alleged amendment was not kept by the clerk. ''Where the law or charter requires the clerk to keep a journal of all the acts and proceedings of the city council, that, or a copy, is the proper evidence of the official doings of the body.'' *Lowell* v. *Wheelock,* 11 Cush. 391; *Morrison* v. *Lawrence,* 98 Mass. 219; *Louisville* v. *McKegney,* 7 Bush. (Ky.) 651.

''The only legal mode of proving facts on record is by the record itself, or by an attested copy of it.'' *Moor* v. *Newfield,* 4 Maine, 44.

''In the absence of required record evidence of the passage of an ordinance, it is not competent, except possibly under peculiar circumstances, to establish its adoption by extrinsic testimony.'' 5 Dillon. sec. 579.

Submission is therefore made by us that for the reason that the charter amendment was not fully set forth in the minutes of the board of mayor and aldermen, that there is insufficient evidence of the amendment as

alleged in the original bill, and that therefore, the effort to amend the city charter was in vain. .

*Anderson, Vollor & Kelly,* for appellee.

Appellant's contention is that this ordinance or amendment must have been spread in full *in haec verba* upon the minutes of the board, and because it does not so appear and was not so spread upon these minutes the ordinance or amendment is invalid and void, and of course all proceedings thereunder, including the one under consideration, were also void.

We earnestly submit that this is not the law, as has been repeatedly decided by the courts of the country. Not only did the minutes show that this ordinance was enacted and how it was enacted, but the facts further show that it was published according to section 3444 of the Code of 1906, providing how municipal charters may be amended, for three weeks in a newspaper published in Vicksburg, and was then submitted to the Governor, who in turn submitted it to the attorney-general, and was approved by the Governor and became thereby a valid amendment to the said article and section of the charter of the city of Vicksburg. The bill alleges that it was legally enacted and became a legal part of the city charter. The appellant denies this only upon the ground that the ordinance itself was not spread upon the minutes, but does not negative the idea that it was not spread upon the ordinance book or some other record of the said clerk's office. The allegation of the bill, therefore, that it was legal and legally done goes unchallenged.

Besides this all the presumptions are in favor of the legality of an ordinance unless it affirmatively appears that it is not legal, when a resolution to make an improvement is not required by charter or statute to be recorded, failure to do so will not invalidate the proceedings. An ordinance need not be spread in full upon the minutes or journal of a municipality; and more so,

116 Miss.—6.

we may add, that an act of the legislature is required to be spread in full upon the legislative journal. 28 Cyc., 1007.

It is not necessary that an ordinance and a contract and apportionments made thereunder, should be spread in full on the journals of a city legislature to make them valid." *Nevins* v. *Roche* (Ky.), 5 S. W. 546; *Bluefield* v. *Johnson* (W. Va.), 69 S. E. 848.

"Every presumption obtains in favor of the validity of an ordinance that there is in favor of the validity of an act of the legislature." *Duluth* v. *Krupp* (Minn.), 4 N. W. 235; *Downing* v. *Miltondale* (Kan.), 14 Pac. 281; 28 Cyc., 343, et seq.; *Ross* v. *Wimberly*, 60 Miss 345.

The very authority cited by counsel on page 5 of their brief, being 2 Dillon (5 Ed.), sec. 570 is authority for this proposition as reference to that section will show. There can be, we submit, no doubt about the proposition that this amendment to the charter is legal and valid in all of its parts.

COOK, P. J., delivered the opinion of the court.

A bill of complaint was filed in the chancery court of Warren county by the city of Vicksburg to test the validity of an alleged amendment to the charter of the city, and to recover from P. P. Williams, the owner of certain lots located in said city, the sum of five hundred and fourty-four dollars and thirteen cents, and, further, that the city be declared to have a first lien on the said lots of defendant, and that lien be declared by decree of the court.

The city of Vicksburg was working under a special charter obtained before the chapter on "Municipalities," Code of 1906, was adopted by the legislature.

The bill sets out the original charter provision whereby the city was authorized to pave the streets, upon the petition of a certain proportion of the lot owners, and to distribute the cost of the paving between the city and the lot-owners.

The bill then sets out the alleged amendment to the charter, which amendment authorizes the city to pave the streets upon its own motion when the lot-owners will not petition the city for the improvement in the way provided by the original charter.

The defendant, P. P. Williams, filed pleas whereby he alleged that the amendment to the city charter was never legally adopted. The pleas aver that the alleged amendment to the city charter was not set out *in haec verba* upon the minutes of the mayor and board of aldermen of the city of Vicksburg; that the only reference whatever to the determination of said board and said notice is in the minutes of complainant of the 20th of March, 1917, and is as follows, to wit:

"The following resolution offered by Alderman Hossley was unanimously adopted, to wit:

"'Whereas, some of the owners of the property lying and abutting on that part of South street in the city of Vicksburg, beginning at and running west from Levee street, for one block or square, desire to have that part of said street paved in accordance with the provisions of article 25 of section 28 of the city charter, but a majority of the owners of a greater number of lots or parts of lots or the owners of a greater number of lineal feet fronting on said block, although requested, will not petition for the same to be so paved; and

"'Whereas, the mayor and aldermen of the city of Vicksburg deem it necessary, and do now so adjudge that it is necessary, for said block or square of said South street, beginning at and running from Levee street, back west for one block or square, to be paved or turnpiked or graveled, according to said charter provision:

"'Now, therefore, be it resolved by the mayor and aldermen of the city of Vicksburg, by virtue of the power and authority vested in them by the amendment of said article 25, approved by the Governor of the state of Mississippi on July 7, 1914, said block of said South street running from Levee street back west be, and the

same is hereby, ordered to be so paved, turnpiked, or graveled as aforesaid, the same to be done under and in accordance with the provisions of said article 25 and its amendments, including the said amendment of July 7, 1914, aforesaid.'

"On motion of Alderman Hossley, the mayor was requested to advertise for bids for paving one block on South street running west from Levee street, also the paving of one block on Adams street between Jackson and Grove streets, the bids to be opened at the regular meeting to be held on April 2, 1917."

To the pleas of defendant the city interposed a demurrer, and the court sustained same. Whereupon defendant filed a demurrer to the bill of complaint upon the following grounds, to wit:

"(1) That there is no equity on the face of said bill.

"(2) That said amendment under which defendant is sought to be charged with the cost of said pavement is null and void.

"(3) That complainant had no power or right under said amendment to pave said street.

"(4) That complainant had no power or right to require it to pay one-third of the cost of said pavement, as it did not petition for said pavement.

"(5) That the complainant had no power or right to pave said street, or to require defendant to pay one-third of the cost thereof, as no petition of the abutting property owners was presented to pave said street.

"(6) That complainant has no lien under article 23, section 28, on defendant's said property, for the payment of one-third of the paving price charged to it."

This demurrer was overruled. The defendant appeals to this court.

Passing over the form of pleading adopted in this case, we will consider the case upon its merits. It will be observed that the court held that the pleas of defend-

ant were insufficient in law and offered no defense to the case made by the bill of complaint. As we interpret the pleas, they allege facts which, if true, were a complete bar to the action filed by the city.

. Section 3444 of the Code, referring to amendments to municipal charters, expressly provides that amendments to municipal charters when approved by the Governor shall be recorded upon the records of the mayor and board of aldermen, "and when so recorded, shall have the force and effect of law," and we think it may be said, when it appears that the amendment is not recorded, it will not have "the force and effect of law."

*Reversed and remanded.*